## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| CALVIN FLUKER, RICARDO | ) | |
| WRIGHT, BERYL JACKSON, | ) | |
| TRACEY MARTIN, LISA | ) | |
| PITCHFORD, KIMBERLY LOVE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | 2:06cv785-MHT |
| U.S. FOODSERVICE, INC. and | ) | |
| U.S. FOODSERVICE, INC. - | ) | |
| MONTGOMERY DIVISION, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S MOTION TO SEVER

Plaintiffs Calvin Fluker, Ricardo Wright, Beryl Jackson, Tracey Martin, Lisa Pitchford, and Kimberly Love filed this lawsuit against defendant U.S. Foodservice, Inc.[1] ("U.S. Foodservice" or "defendant") alleging that defendant discriminated against them because of their race and/or gender in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964. Plaintiff Fluker additionally alleges that defendant created a hostile work environment against him because of his race in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964. Plaintiffs also allege that they have been retaliated against for

---

[1] Plaintiffs also named "U.S. Foodservice, Inc. – Montgomery Division" as a defendant. However, no such legal entity exists.

filing Charges of Discrimination. However, plaintiffs have varied factual backgrounds and make distinct allegations against defendant. Therefore, plaintiffs' claims are not properly joined and are due to be severed pursuant to Rule 21 of the Federal Rules of Civil Procedure for the following reasons:

## I.    FACTUAL BACKGROUND[2] AND LEGAL ALLEGATIONS OF THE INDIVIDUAL PLAINTIFFS[3]

While each plaintiff is currently employed by defendant, each plaintiff has a distinct employment background, including different job titles, hire dates, comparators, and alleged denied promotions. Further, the plaintiffs worked in different departments and had different supervisors. Additionally, each individual plaintiff has distinct legal claims. For example, only plaintiff Fluker alleges he was subjected to a hostile work environment. Four of the other plaintiffs allege they were discriminated against because of their sex in addition to their race. Moreover, the facts surrounding the alleged adverse employment actions the plaintiffs claim they suffered are different for each plaintiff.

---

[2] For purposes of this Motion only, defendant accepts plaintiffs' versions of their factual backgrounds and legal allegations as contained in their Complaint.

[3] The factual background and legal allegations are taken from the Complaint; however, it is often difficult to discern whether the individual plaintiffs are alleging discrimination on the basis of race or sex and/or retaliation. The difficulty in comprehending the individual plaintiffs' claims further show that the plaintiffs' allegations are distinct and separate and should be severed.

63972.1

### A.     Calvin Fluker

Plaintiff Fluker has been employed by defendant as a National Account Executive since 1997.  (Complaint ¶ 17).  Plaintiff Fluker alleges that he was subjected to a hostile work environment based on his race.  (Complaint ¶¶ 18-20).  Plaintiff Fluker also alleges that Joe Chambliss (Vice President of Sales) denied him the opportunity to replace Dale Ward, a salesperson, because of his race and that, as a result of defendant not posting certain jobs, less qualified white employees received promotions.  (Complaint ¶¶ 21-23).

Plaintiff Fluker also alleges that he has been retaliated against for filing a Charge of Discrimination because he has been isolated and ignored, disciplined unfairly, excluded from assignments, physically threatened, and placed on a performance improvement plan.  (Complaint ¶ 23).  Plaintiff Fluker claims that Joe Chambliss recruited three sales trainees to document comments being made by him.   (Complaint ¶ 23).   Finally, plaintiff Fluker alleges that defendant is retaliating against him by seeking to fill a District Manager job in District 2 with an African American, who has not filed a Charge of Discrimination.  (Complaint ¶ 24).

Plaintiff Fluker makes no allegations of sex discrimination.

63972.1

### B.    Ricardo Wright

Defendant hired plaintiff Wright as a Sales Trainee in 1997. (Complaint ¶ 27). Plaintiff Wright received a promotion to Territory Manager in November 1998 and continues to work as a Territory Manager. (Complaint ¶ 28). On June 1, 2000, plaintiff Wright was moved from a salaried Territory Manager to a Territory Manager compensated solely by sales commissions; however, plaintiff Wright claims he was not given a transition period while other white Territory Managers were given a transition period. (Complaint ¶¶ 30-31). Plaintiff Wright claims that he has been assigned to lower income black areas of Birmingham while white sales representatives have been given more lucrative sales territories. (Complaint ¶¶ 32-33). Plaintiff Wright also claims that white Territory Managers are treated better than him. (Complaint ¶¶ 34-38). Plaintiff Wright alleges that his African American clients are treated less favorably than the clients of white Territory Managers. (Complaint ¶¶ 34-38). Additionally, plaintiff Wright alleges that he has been denied the opportunity to advance to the job of District Sales Manager. (Complaint ¶ 39).

Plaintiff Wright claims that, prior to filing his Charge of Discrimination, defendant did not investigate his claims that he was being discriminated against because of his race. (Complaint ¶¶ 40-42). Plaintiff Wright then claims that, after filing his Charge of Discrimination, he has been retaliated against in not receiving

recap reports and having his invoices lost.  (Complaint ¶¶ 40-42).  Finally, plaintiff Wright claims that defendant is retaliating against him by considering an African-American who has not filed a Charge of Discrimination for a District Manager job in District 2.  (Complaint ¶ 43).

Plaintiff Wright makes no claims of a hostile work environment or sex discrimination.

### C.    Beryl Jackson

Defendant hired plaintiff Jackson on January 29, 1990 and promoted her to Territory Manager in 1997.  (Complaint ¶ 44).  Plaintiff Jackson claims she was not assigned a territory or provided a "step down transition" when she made the transition from salaried Territory Manager to commissioned Territory Manager. (Complaint ¶ 45).  Plaintiff Jackson alleges that whites receive higher commissions and that she was denied the opportunity to work in two lucrative sales territories that white male Territory Managers were allowed to work.  (Complaint ¶ 47). Plaintiff Jackson also alleges that her clients are given less desirable treatment. (Complaint ¶¶ 48-53).  Further, plaintiff Jackson claims that she has been denied District Sales Manager jobs that have been filled by less qualified whites. (Complaint ¶ 54).  Finally, plaintiff Jackson alleges that defendant is planning to fill a District Sales Manager job in District 2 with an African American male who has not filed a Charge of Discrimination in retaliation for filing a Charge of

63972.1

Discrimination and that defendant selected a male to serve as a mentor instead of her.  (Complaint ¶ 55).

Plaintiff Jackson makes no hostile environment claims.

### D.     Lisa Pitchford

Plaintiff Pitchford was hired by defendant as a bookkeeper in June 1998. (Complaint ¶ 56).  Plaintiff Pitchford alleges that she was subsequently denied promotions to payroll clerk, credit clerk, credit manager and other positions that were filled by less qualified white employees.  (Complaint ¶ 57).  Plaintiff Pitchford was promoted to Sales Trainee in July 2005; however, she claims that she has spent more time covering for sick or absent Territory Managers than white trainees.  (Complaint ¶¶ 57-58).  Plaintiff Pitchford also claims she has been provided inferior leads and accounts than white trainees and that defendant has provided lower quality service to her accounts.  (Complaint ¶ 58).  Plaintiff Pitchford alleges that he pay has been reduced because of the treatment of white employees.  (Complaint ¶ 58).  Finally, plaintiff Pitchford claims that, after her name was mentioned in an EEOC investigation, defendant has retaliated against her by unfairly disciplining her and excluding her from meetings.  (Complaint ¶ 59).

Plaintiff Pitchford makes no allegations of a hostile work environment.

6

### E.    Kimberly Love

Plaintiff Love has been employed by defendant as a credit assistant since July 2000.  (Complaint ¶ 60).  Plaintiff Love alleges that she has been denied the opportunity to apply for jobs, such as Territory Manager, because those jobs are not posted.  (Complaint ¶¶ 61-62).  Additionally, plaintiff Love alleges that she has never been offered a promotion.  (Complaint ¶¶ 61-62).  Plaintiff Love also claims that she and a white employee were offered pay increases if they took on more responsibility but that the white employee was offered a higher pay increase.  (Complaint ¶¶ 62-63).  Further, plaintiff Love alleges that she has been denied training that has been given to white employees.   (Complaint ¶¶ 62-63).  Additionally, plaintiff Love claims that she was retaliated against for filing a Charge of Discrimination because she was denied a promotion to a credit card manager job because she did not have a four year degree, and then, the four year degree requirement was waived to allow a white male to fill the job.  (Complaint ¶¶ 64-65).  Plaintiff Love also alleges that she is being discriminated against in job assignments because of her race.  (Complaint ¶¶ 64-65).  Finally, plaintiff Love alleges that a white male was promoted to credit manager in place of her. (Complaint ¶ 66).

Plaintiff Love makes no allegations of a hostile work environment.

63972.1

### F.     Tracey Martin

Plaintiff Martin was hired by defendant as an Accounting Clerk in August 1997.  (Complaint ¶ 67).  Plaintiff Martin alleges that she has been denied promotions to an Assistant Controller, a Credit Manager, a sales position, and an Accounts Receivable Manager job in favor of whites and males.  (Complaint ¶¶ 68-71).  Martin was promoted to a Staff Accountant II job in late 2005; however, plaintiff Martin claims that she has no supervisory responsibilities, that she is performing much the same work that she was previously performing, and that the job was created as a result of her filing a Charge of Discrimination.  (Complaint ¶¶ 71-72).  Finally, plaintiff Martin alleges that her supervisor, Shelby Pierce, monitors her work more closely than white employees or employees who have not filed a Charge of Discrimination.  (Complaint ¶ 73).

Plaintiff Martin makes no allegations of a hostile work environment.

## II.     LEGAL ARGUMENT

Plaintiffs make individual claims that arise out of distinct transactions and occurrences and do not have common questions of law or fact.  Therefore, plaintiffs' claims were not properly joined and should be severed pursuant to Rule 21 of the Federal Rules of Civil Procedure.

### A.     Legal Standards

Federal Rule of Civil Procedure 21 provides as follows:

8

> Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

For plaintiffs' claims to have been properly joined, they must satisfy the requirements of Rule 20(a) of the Federal Rules of Civil Procedure, which has two requirements for proper joinder: (1) there must be a right to relief arising out of the same transaction, occurrence or series of transactions or occurrences and (2) there must be a question of law or fact common to all of the plaintiffs which will arise out of the action. <u>See</u> Fed. R. Civ. P. 20(a). Both requirements must be satisfied for there to be proper joinder. <u>Grayson v. K-Mart Corp.</u>, 849 F. Supp. 785, 787 (N.D. Ga. 1994). Further, "[i]n ascertaining whether a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, a case by case approach is generally pursued." <u>Grayson</u>, 849 F. Supp. 785, 787. However, courts have generally examined the following factors in determining whether a particular factual situation constitutes a single transaction or occurrence: (1) whether the alleged discrimination occurred during different time periods; (2) whether different supervisors made the challenged decisions; (3) whether the alleged discrimination happened in geographically removed places; (4) whether the actual acts of discrimination are related; (5) whether there are different types of adverse employment actions alleged; (6) whether more than one type of

63972.1

discrimination is alleged; and (7) whether a company-wide policy is alleged. <u>See</u> <u>Alexander v. Fulton County, Georgia</u>, 207 F.3d 1303, 1324 (11th Cir. 2000); <u>Ferger v. C.H. Robinson Worldwide, Inc.</u>, 2006 WL 2091015, *1 (W.D. Wash. July 25, 2006); <u>Smith v. Northeastern Illinois University</u>, 388 F. 3d 559, *2 (N.D. Ill. February 28, 2002). Additionally, allegations of a hostile work environment are tantamount to allegations that there was a widely-held policy of discrimination. <u>Smith</u>, 388 F. 3d 559, *2. However, only one plaintiff has made a hostile work environment claim, so that does not support a common transaction or occurrence claim.

To satisfy the second requirement of Rule 20(a), plaintiffs must show that there are common questions of law and facts among their cases. However, simply making claims based on the same general theories of law is not sufficient. <u>Grayson</u>, 849 F. Supp. 785, 789.

**B.    Legal Analysis**

While plaintiffs all worked in the Montgomery Division of U.S. Foodservice, Inc., the similarities stop there. Plaintiffs' claims neither arise from the same transaction, occurrence or series of transactions or occurrences, nor are there common questions of law and facts among plaintiffs' cases. Therefore, plaintiffs' claims are due to be severed pursuant to Federal Rule of Civil Procedure 21(a).

The facts in this case are similar to the facts in <u>Bailey v. Northern Trust Co.</u>, 196 F.R.D. 513 (N.D. Ill. 2000).  In <u>Bailey</u>, the Court found that the plaintiffs' allegations did not arise from the same transaction or occurrence because

> [a]lthough each plaintiff worked in the same department of Northern Trust, no single team leader or section manager is implicated in all five of the plaintiffs' claims.  Rather, the employment actions complained of were made by different section managers and team leaders at different times over a period of at least fifteen months.  The types of adverse employment actions are likewise varied – allegations include unequal pay, retaliation, unfair disciplinary warnings, increased job duties, job threats, discrimination in performance evaluations, wrongful termination, denial of promotional opportunities, and denial of training.  Plaintiffs were employed in various positions as securities technicians and team leaders within different teams.  There is no evidence either of a discrete policy that affected each plaintiff or any causal link between a common and identifiable wrongful act on part of the defendant and the adverse actions taken with respect to each plaintiff.  Even further, no plaintiff alleges that there was any relationship between their terminations.

<u>Bailey</u>, 196 F.R.D. at 516.  The Court further found that because the factual and legal questions between the plaintiffs and defendant were based upon wholly separate acts, the second requirement of Rule 20(a) of the Federal Rules of Civil Procedure was not met.  Therefore, the Court severed plaintiffs' claims.

Like in <u>Bailey</u>, plaintiffs' claims do not arise out of the same transaction or occurrence.  While the plaintiffs are still employed with defendant, their hire dates range over a decade from 1990 to 2000, and each plaintiff makes allegations of discrimination arising throughout their employment.  As such, the alleged discrimination did not occur during the same time period.  Plaintiffs do not allege

that they had the same supervisors or decision-makers. In fact, the plaintiffs either do not name their supervisors or in the case of plaintiffs Fluker and Martin, they name different supervisors. Moreover, the plaintiffs, with the exception of plaintiffs Wright and Jackson, had different job titles, so their supervisors would have been different. Therefore, different supervisors were involved in the decisions and practices plaintiffs are alleging were discriminatory.

Further, plaintiffs have failed to show that the alleged acts of discrimination are related. Plaintiffs do not allege that one person carried out the alleged discrimination. Further, as previously explained, plaintiffs do not have common supervisors, and their job titles are different and include National Account Executive, Territory Manager, Sales Trainee, credit assistant, and accounting clerk. Each plaintiff complains about the alleged denial of promotions, and the alleged promotions vary. The other alleged discriminatory acts also vary from plaintiff to plaintiff and include differences in discipline, pay, training, commissions, territories, and general treatment. Moreover, four of the plaintiffs allege sex and race discrimination while the other two allege race discrimination but not sex discrimination. Further, while all plaintiffs make allegations of retaliation, the alleged retaliatory conduct is distinct to each plaintiff. As a result, plaintiffs have failed to show that the alleged acts of discrimination are related.

63972.1

Also, the plaintiffs allege different adverse employment actions. In their discrimination complaints, the plaintiffs make various claims regarding pay, discipline, performance issues, and different treatment from white and/or male co-employees. Additionally, while each plaintiff alleges they were denied promotions, they complain about the denial of different promotions. Further, the alleged retaliatory conduct also includes the alleged denial of promotions, discipline, performance, and general treatment, which is distinct to each individual plaintiff. As a result, there are different adverse employment actions alleged.

Additionally, more than one type of discrimination is alleged. For example, plaintiff Fluker alleges a hostile work environment. The four female plaintiffs allege race and sex discrimination while the two male employees allege only race discrimination. Moreover, the retaliation claims of each plaintiff are distinct in the manner in which they claim they were retaliated against. As such, the plaintiffs allege more than one type of discrimination, and the allegations of discrimination are different.

Finally, while plaintiffs generally allege that U.S. Foodservice had a "pattern and practice" and policy of discrimination, plaintiffs have not alleged that they were subjected to a systemic pattern or policy of discrimination by a common decision-maker. As such, plaintiffs' allegations of a "policy" of discrimination are

13

insufficient to show that plaintiffs' claims arise out of the same transaction or occurrence.

For these reasons, plaintiffs cannot show that their allegations arise out of the same transaction or occurrence or the same series of transactions or occurrences, and their claims are due to be severed pursuant to Rule 21 of the Federal Rules of Civil Procedure.  See Milledge v. Rayonier, 2005 WL 1866157, *2 (S.D. Ga. Aug. 5, 2005) (ordering severance because plaintiff worked in a different department, performed different job, under a different supervisor, and the witnesses and documentary evidence did not appear to overlap); Grayson, 849 F. Supp. at 788-89 (finding that plaintiffs' claims did not arise out of a common transaction or occurrence and severing them because the cases involved eleven individuals in four states; the decision to demote each plaintiff was derived within the context of the business circumstances of each plaintiff's store; and three different regional managers participated in the eleven demotion decisions at issue); Barner v. City of Harvey, 2003 WL 1720027 (N.D.Ill. March 31, 2003) (severing plaintiffs' claims because plaintiffs' claims for discharge were for different reasons, under different circumstances, and with different supervisors); Maclin v. Northern Telecom, Inc., 1996 WL 495558 (N.D.Ill. Aug. 28, 1996) (severing plaintiffs' claims for not arising out of the same transaction or occurrence because the conduct occurred in different time periods and involved different conduct).

14

As previously explained, plaintiffs' claims are factually and legally distinct. The plaintiffs have different employment histories, job duties, supervisors, legal claims, and alleged adverse employment actions. In fact, some plaintiffs claim they were discriminated against on the basis of their race and sex while others just claim they were discriminated against on the basis of their race. Moreover, plaintiff Fluker makes allegations of a hostile work environment, but no other plaintiffs make such allegations. As a result, despite plaintiffs' attempts, they have failed to show that there are common questions of law and facts among their cases. Therefore, plaintiffs cannot prove the requirements of Rule 20(a), and their claims are due to be severed. See Grayson, 849 F. Supp. at 789 (finding that each demotion decision was a discrete act by defendant and the factual and legal questions between plaintiffs were wholly separate and that there was a complete lack of common questions of fact or law); Thompson v. Sanderson Farms, Inc., 2006 WL 2559852, *4 (S.D. Miss. Sept. 1, 2006) (ordering severance because there was not a common question of law or fact pertaining to all the plaintiffs in the lawsuit).

## III.    CONCLUSION

For the foregoing reasons, plaintiffs' claims are not properly joined pursuant to Rule 20(a) of the Federal Rules of Civil Procedure. Therefore, defendant

63972.1

respectfully requests that the Court sever plaintiffs' claims pursuant to Rule 21 of the Federal Rules of Civil Procedure.

Respectfully submitted,

_/s/ Tammy L. Baker_
Tammy L. Baker, ASB-9522-B62T
E-Mail:  tbaker@constangy.com
Direct Dial:  205-226-5466
Tamula R. Yelling, ASB-9447-E61T
E-Mail:  tyelling@constangy.com
Direct Dial:  205-226-5471
**CONSTANGY, BROOKS & SMITH, LLC**
One Federal Place, Suite 900
1819 Fifth Avenue North
Birmingham, Alabama  35203
Facsimile (205) 323-7674

**ATTORNEYS FOR DEFENDANT**
**U.S. FOODSERVICE, INC.**

16

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 9, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following:

> Jon C. Goldfarb, Esq.
> Maury S. Weiner, Esq.
> Ethan R. Dettling, Esq.
> Wiggins, Childs, Quinn & Pantazis, LLC
> 301 19th Street North
> Birmingham, AL 35203

*/s/ Tammy L. Baker*
Counsel of Record

63972.1