IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CALVIN FLUKER, RICARDO WRIGHT, BERYL JACKSON, TRACEY MARTIN, LISA PITCHFORD, KIMBERLY LOVE, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. FOODSERVICE, INC. and U.S. FOODSERVICE, INC. - MONTGOMERY DIVISION, <br><br> Defendants. | CIVIL ACTION NO.: <br> 2:06cv785-MHT |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiffs seek to amend their Complaint to add Reshanda Brown ("Brown") as an additional party plaintiff. The proposed Amended Complaint asserts Title VII (race and/or gender) and 42 U.S.C. § 1981 claims arising out of defendant U.S. Foodservice, Inc.'s ("U.S. Foodservice" or "defendant") decision not to offer temporary worker Brown a permanent job. U.S. Foodservice opposes plaintiffs' Motion for Leave to Amend because Brown cannot meet the joinder requirements for Rule 20(a) of the Federal Rules of Civil Procedure and because Brown cannot properly piggyback on plaintiffs' Title VII claims.

140512.1

## I. FACTUAL BACKGROUND[1] AND LEGAL ALLEGATIONS OF RESHANDA BROWN

Brown began working at defendant's facility on or about October 31, 2005 in the credit department as a temporary employee through an employment agency. (Amended Complaint ¶ 76). Brown performed the job duties of a credit analyst. (Amended Complaint ¶ 77). Brown received no verbal or written discipline of any kind from defendant. (Amended Complaint ¶ 79). Brown applied for and interviewed with Al Sartain, Credit Manager, for a credit analyst job in September 2006. (Amended Complaint ¶¶ 82-84). Defendant hired a more qualified black female for the job. As a result, Brown's temporary employment with defendant ended on or about November 13, 2006. (Amended Complaint ¶ 85). Brown filed no EEOC Charge, and her only complaint is that she was not hired as a permanent employee.

## II. BROWN'S CLAIM IS IMPROPERLY JOINED

Because plaintiffs attempt to add a new plaintiff, they must meet the requirements for joinder under Rule 20(a) of the Federal Rules of Civil Procedure as well as the requirements for amending the complaint under Rule 15(a) of the Federal Rules of Civil Procedure. See Hinson v. Norwest Financial South Carolina, Inc., 239 F.3d 611, 618 (4th Cir. 2001) (explaining that joinder of

---

[1] For purposes of this Motion only, defendant accepts plaintiffs' versions of their factual backgrounds and legal allegations as contained in their Amended Complaint.

additional plaintiffs triggers application of Rule 20 requirements). Brown's claim arises out of distinct transactions and occurrences from plaintiffs' claims and does not have common questions of law or fact to plaintiffs' claims. Therefore, Brown's claims under 42 U.S.C. § 1981 and Title VII do not meet the joinder requirements of Rule 20.

Proper joinder under Rule 20(a) has two requirements: (1) there must be a right to relief arising out of the same transaction, occurrence or series of transactions or occurrences and (2) there must be a question of law or fact common to all of the plaintiffs which will arise out of the action. See Fed. R. Civ. P. 20(a). Both requirements must be satisfied for there to be proper joinder. Grayson v. K-Mart Corp., 849 F. Supp. 785, 787 (N.D. Ga. 1994).

Brown's claim does not arise out of the same transaction or occurrence as plaintiffs' claims. Brown's sole claim is a failure to hire claim, while plaintiffs are all current employees who have pled no failure to hire claims.[2] Additionally, Brown identifies a different decision-maker than the plaintiffs and complains of conduct that occurred after plaintiffs filed their Charges of Discrimination. As such, Brown's claim is separate and distinct from plaintiffs' claims and does not arise out of the same transaction or occurrence.

---

[2] A more detailed discussion of the plaintiffs' factual backgrounds and legal allegations is contained in the Motion to Sever U.S. Foodservice filed on October 9, 2006.

140512.1

3

Moreover, Brown's claim is factually and legally distinct from the plaintiffs' claims because her only claim is a failure to hire claim while plaintiffs are current employees with no such claims. Unlike the other plaintiffs, Brown has no complaints about the terms and conditions of her employment because she was never an employee. Additionally, Brown has no retaliation claim, while the other plaintiffs have a retaliation claim. Finally, Brown has no hostile work environment claim while plaintiff Fluker does. Therefore, Brown's claim is factually and legally distinct from plaintiffs' claims.

For these reasons, plaintiffs' cannot prove the requirements of Rule 20(a), and their Motion for Leave to Amend Complaint to add Brown as a plaintiff is due to be denied.

### III. BROWN CANNOT PIGGYBACK ON PLAINTIFFS' TITLE VII CLAIMS

Moreover, Brown did not file a Charge of Discrimination and improperly attempts to piggyback her Title VII claim on the plaintiffs' Title VII claims, without identifying which Charge she is using. As a general rule, an employee who wishes to sue her employer under Title VII must file an administrative charge with the EEOC. See Hipp v. Liberty National Life Insurance, Co., 252 F.3d 1208, 1217 (11th Cir. 2001). Under the piggybacking rule, a putative plaintiff who has not filed a Charge of Discrimination may piggyback her claim onto the claim of a plaintiff who has filed a timely charge if she can prove that: (1) the relied upon

140512.1

4

charge is not invalid and (2) the individual claims of the filing and non-filing plaintiff arise out of similar discriminatory treatment in the same time frame. Id.

Because Brown complains about not being hired, while the remaining plaintiffs are current employees with no failure to hire claims, Brown's claim is not similar. See Hines v. Widnall, 334 F.3d 1253, 1257 n.4 (11th Cir. 2003) (explaining that the single filing rule would not save failure to hire claims attempting to piggyback on promotion and lack of opportunities to advance claims because "this court does not consider discrimination towards employees and applicants to be similar treatment for purposes of the single filing rule"). Washington v. Brown & Williamson Tobacco Corp., 756 F. Supp. 1547, 1552 (M.D. Ga. 1991) (explaining that putative plaintiff with a hiring claim could not piggyback on the EEOC Charge of a plaintiff who was actually employed with defendant and did not have standing to object to the hiring practices).

Second, to be deemed similarly situated, Brown's claim must also have arisen in the same general time frame as those of the representative plaintiffs. See Hipp, 252 F.3d 1208, 1217. That time frame is the 180 days preceding the date that the representative charge was filed. Hipp, 252 F.3d 1208, 1220-1225. Brown does not identify which Charge on which she is attempting to piggyback. However, plaintiffs filed their charges between May 6, 2004 and February 24, 2006, all before Brown applied for a job. (Amended Complaint ¶¶ 11-16). There

140512.1

is no temporal proximity between Brown's claim and plaintiffs' Charges because Brown's claim had not arisen before the most recent (even supplemental) EEOC Charge was filed. As such, Brown's claim is not similar to plaintiffs' claims, and she cannot piggyback her Title VII claim on plaintiffs' Title VII claims. See Hipp, 252 F.3d 1208, 1227 (finding that plaintiffs whose claims had not arisen prior to the date the representative plaintiff filed his charge should not have been permitted in the lawsuit); Erickson v. Hunter, 932 F. Supp. 1380, 1384 (M.D. Fla. 1996) (allowing plaintiffs 10 days to amend their complaint to include time frames in which the alleged discriminatory treatment occurred because, if the time frames did not overlap, the putative plaintiffs had not satisfied the single filing rule).

For these reasons, Brown cannot piggyback her Title VII claim on plaintiffs' Title VII claims, and plaintiffs' Motion to Amend Complaint should be denied as to Brown's Title VII claim.

## IV.   CONCLUSION

For the foregoing reasons, Brown cannot meet the joinder requirements pursuant to Rule 20(a) of the Federal Rules of Civil Procedure, and Brown cannot piggyback her Title VII claim on plaintiffs' Title VII claims. Therefore, plaintiffs' Motion for Leave to Amend Complaint to add Reshanda Brown as a plaintiff is due to be denied.

140512.1

Respectfully submitted,

 */s/ Tammy L. Baker*
Tammy L. Baker, ASB-9522-B62T
E-Mail:  tbaker@constangy.com
Direct Dial:  205-226-5466
Tamula R. Yelling, ASB-9447-E61T
E-Mail:  tyelling@constangy.com
Direct Dial:  205-226-5471
**CONSTANGY, BROOKS & SMITH, LLC**
One Federal Place, Suite 900
1819 Fifth Avenue North
Birmingham, Alabama  35203
Facsimile (205) 323-7674

ATTORNEYS FOR DEFENDANT
U.S. FOODSERVICE, INC.

## **CERTIFICATE OF SERVICE**

    I hereby certify that on February 5, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following:

    Jon C. Goldfarb, Esq.
    Maury S. Weiner, Esq.
    Ethan R. Dettling, Esq.
    Wiggins, Childs, Quinn & Pantazis, LLC
    301 19th Street North
    Birmingham, AL 35203

 */s/ Tammy L. Baker*
Counsel of Record