IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICARDO WRIGHT, BERYL ) <br> JACKSON, TRACEY MARTIN, ) <br> CALVIN FLUKER, LISA ) <br> PITCHFORD, KIMBERLY LOVE, ) <br> RESHANDA BROWN, ) <br> ) <br>     PLAINTIFFS, ) <br> ) <br> V. ) <br> ) <br> U.S. FOODSERVICE, INC. and ) <br> U.S. FOODSERVICE, INC. - ) <br> MONTGOMERY DIVISION, ) <br> ) <br>     Defendants. ) | CIVIL ACTION NO.: <br> 2:06cv785-MHT <br><br> JURY DEMAND |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S
OBJECTION TO PLAINTIFFS' MOTION FOR
LEAVE TO AMEND THE COMPLAINT**

COME NOW, the plaintiffs and submit their response to defendant's objection to plaintiffs' motion for leave to amend the complaint. For the reasons set forth below, plaintiffs assert the defendant's objection is due to be denied and plaintiffs request the entry of an Order denying defendant's objection based on the following:

**I.     Introduction**

1

On January 26, 2007, the Court granted plaintiffs' motion to amend their complaint, which plaintiffs filed on February 5, 2007. The primary purpose of plaintiffs' amendment was to add Reshanda Brown as a plaintiff in the case. As alleged in the amended complaint, Brown worked for the defendant as a temporary employee for more than a year before she was terminated. Brown contends that she was denied a permanent position with the defendant that was awarded to a less qualified white female.[1]

## II.    Legal Argument

The defendant contends that Brown should not be permitted to be a plaintiff in the instant lawsuit because she does not meet the joinder requirements of Fed. R. Civ. P. 20(a). Contrary to the assertions of the defendant, Brown's claims are properly joined in accordance with Rule 20(a) of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 20(a) allows persons to join in one action as plaintiffs (a) if they assert any right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences, and (2) if some question of law or fact common to all these persons will arise in the action. *See,*

---

[1] The defendant contends that the position Brown was denied was awarded to a black female. Brown strongly disputes this contention; however, this issue is not relevant to whether the plaintiffs should be allowed to amend their complaint to add Brown as an additional plaintiff.

*Alexander v. Fulton County,* 207 F.3d 1303, 1332-1323 (11th Cir. 2000). The central theory behind Rule 20 is "to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits." *Id.* at 1323. The United States Supreme Court has instructed district courts to utilize a liberal standard towards permissive joinder of claims and parties and has stated that "joinder of claims, parties, and remedies is strongly encouraged." *Id*. (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130, 1137, 16 L.Ed.2d 218 (1966).

For guidance in applying the first prong, courts have looked to cases interpreting the rule governing compulsory counterclaims which also contains a "transaction or occurrence" requirement. *Mosley v. General Motors Corp.,* 497 F.2d 1330, 1333 (8th Cir.1974). Accordingly, all events that are "logically related" to one another, which give rise to a cause of action, may be joined in the same suit. In *Alexander,* the Eleventh Circuit discussed the law set forth in *Mosely* as follows:

> . . . In *Mosley,* perhaps the leading case on the joinder of Title VII plaintiffs under Rule 20, *see* 4 Lex K. Larson, *Employment Discrimination,* §§ 78.05, at 28-29 (2d ed.1994), ten black plaintiffs alleged that General Motors had a general policy of discrimination against black employees. The trial court had ordered the severance of the claims, concluding that the allegations presented a variety of issues and had little relationship to one another. *Mosley,* 497 F.2d at 1332. The Eighth Circuit reversed the trial court's order

to sever plaintiffs' claims, concluding that, based on its reading of Rule 20, the General Motors policy ""purportedly designed to discriminate against blacks in employment ... [arose] out of the same series of transactions and occurrences."" *Id.* at 1334. The court held that ""[s]ince a ''state-wide system designed to enforce the registration laws in a way that would inevitably deprive colored people of the right to vote'' was determined to arise out of the same series of transactions or occurrences, we conclude that a company-wide policy purportedly designed to discriminate against blacks in employment . . . [arose] out of the same series of transactions or occurrences"" *Id.* at 1333-34 (quoting *United States v. Mississippi,* 380 U.S. 128, 142, 85 S.Ct. 808, 815-16, 13 L.Ed.2d 717 (1965)). *See also Blesedell v. Mobil Oil Co.,* 708 F.Supp. 1408, 1422 (S.D.N.Y.1989) ( ""A company-wide policy purportedly designed to discriminate against females in employment arises out of the same series of transactions or occurrences.""); *1324 *King v. Pepsi Cola Metro. Bottling Co.,* 86 F.R.D. 4, 6 (E.D.Pa.1979) (noting that allegations of a ""pervasive policy of discrimination"" by the employer bring the ""complaints of individual Plaintiffs under the rubric of the ''same series of transactions' ""); *Vulcan Soc'y of Westchester Cty. v. City of White Plains Fire Department,* 82 F.R.D. 379, 387 (S.D.N.Y.1979) (stating that transaction requirement met where Plaintiffs and would-be Plaintiffs claimed discriminatory policies and practices which included a series of exams allegedly used to discriminate against blacks).

*Alexander*, 207 F.3d at 1323.

As discussed in plaintiffs' response to defendant's earlier motion to sever, the second prong of the Rule 20(a) test does not require that all of the questions of law and fact arising in the lawsuit be common. The requirement is that only some questions of law or fact be common to all of the parties. *Alexander,* 207 F.3d at 1324. The *Alexander* court held that the discriminatory character of the defendant's conduct was "plainly common to each plaintiff's recovery." *Id.* The

court further held that "the fact that the plaintiff's suffered different effects - in this case, discrimination in promotions, transfers, assignments, or discipline - from the alleged policy of discrimination did not preclude the trial court from finding a common question of law and fact." *Id.; See also, Mosely* 497 F.2d at 1334; *Blesedell v. Mobil Oil Co.,* 708 F.Supp. 1408, 1422 (S.D.N.Y. 1989).

In its objection, the defendant primarily asserts that Brown's claim should not be joined with the claims of the other plaintiffs because she would be the only plaintiff with a hiring claim. However, Brown's claim that she was denied a permanent position that was awarded to a less qualified white female is consistent with the other plaintiffs' contention in this case that the defendant possesses at least a division-wide policy of discrimination in selection decisions implemented and enforced by a small number of white upper management employees. The fact that different supervisors who work in the division office in Montgomery have discriminated against African-American employees supports Brown's and all of the plaintiffs' contention that the defendant possesses a division-wide policy of discrimination, as opposed to discrimination by an isolated supervisor whose actions may or may not reflect company policy.

Such a division-wide policy of discrimination suggests a "logical relationship" between the plaintiffs' claims. *See, Mosely,* 497 F.3d at 1333. *See*

5

*also Blesedell v. Mobil Oil Co.,* 708 F.Supp. 1408, 1422 (S.D.N.Y.1989) ( "A company-wide policy purportedly designed to discriminate against females in employment arises out of the same series of transactions or occurrences."); *King v. Pepsi Cola Metro. Bottling Co.,* 86 F.R.D. 4, 6 (E.D.Pa.1979) (noting that allegations of a "pervasive policy of discrimination" by the employer bring the "complaints of individual Plaintiffs under the rubric of the 'same series of transactions'"); *Vulcan Soc'y of Westchester Cty. v. City of White Plains Fire Department,* 82 F.R.D. 379, 387 (S.D.N.Y.1979) (stating that transaction requirement met where Plaintiffs and would-be Plaintiffs claimed discriminatory policies and practices which included a series of exams allegedly used to discriminate against blacks).[2]

Brown will prove in this case that she was adversely effected by the same racially discriminatory selection policies and practices of the defendant as the

---

[2] *Grayson v. K-Mart Corporation,* 849 F.Supp. 785 (N.D. Ga. 1994), cited prominently by the defendant, is factually distinguishable. In *Grayson*, the plaintiffs, a group of eleven store managers over 40 years old, contended that K-Mart had a general bias toward older store managers. *Grayson,* 849 F.Supp. at 786. However, each of the eleven plaintiffs worked in a different store that were spread across Alabama, Florida, Georgia, and North Carolina. *Id.* at 786. In addition, each of the plaintiffs at the time of their terminations reported to different district managers and regional managers. *Id.* at 787, Moreover, the employment decisions at issue were made based, at least in part, on the individual economic performance of each plaintiff/manager's store. *Id.* at 788-789.

other six plaintiffs. Moreover, Brown worked in the same department as Plaintiff Love, was trained by Love, and both she and Love were supervised by the same management employee. Also, in contrast to the contention of the defendant, Brown was discriminated against during the same time frame as the other plaintiffs as alleged in the complaint; she was just not discriminated against for as long of period as the other plaintiffs because of the limited duration of her employment. In making this specific argument, the defendant ignores plaintiffs' 42 U.S.C. § 1981 and retaliation claims.

It is in the interest of judicial economy and the convenience of the parties that Brown's claims should be maintained in the instant case, which will permit discovery to be coordinated, minimize or eliminate duplicative discovery, hearings and motions, allow coordination of deadlines and otherwise foster judicial economy. The discovery in the cases will focus on many of the same documents and it would be illogical to conduct seven sets of depositions, seven sets of hearings and seven trials. The costs of seven trials with most of the same witnesses will be an unnecessary waste of judicial resources and the resources of the parties, especially under the circumstances of the instant case.[3]

---

[3] Defendant also argues that Brown should not be a plaintiff in this case because she cannot piggyback on the EEOC charges of the other plaintiffs. This argument is wholly irrelevant at this stage of the case since Brown has brought her claims of race discrimination

### III. CONCLUSION

Based on the foregoing, defendant's objection to plaintiffs' motion for leave to amend the complaint is due to be denied.

                                            Respectfully submitted,

                                            s/Maury S. Weiner
                                            Jon C. Goldfarb (ASB-5401-F58J)
                                            Maury S. Weiner (ASB-8856-W86M)

                                            Counsel for Plaintiff

**OF COUNSEL:**
Wiggins, Childs, Quinn & Pantazis, LLC
301 19th Street North
Birmingham, AL 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

### CERTIFICATE OF SERVICE

I hereby certify that I have filed a true and correct copy of the above and foregoing document the Clerk of Court using the CM/ECF system which will electronically notify the following counsel of record:

Tammy L. Baker, Esq.
Tamula R. Yelling, Esq
CONSTANGY, BROOKS & SMITH LLC
One Federal Place, Suite 900
1819 Fifth Avenue North
Birmingham, Alabama 35203

on this the   21st   day of February , 2007.

---

pursuant to 42 U.S.C. § 1981, and it is undisputed that Brown's claims are timely under Section 1981.

                                                  s/Maury S. Weiner
                                                  OF COUNSEL