# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| RICARDO WRIGHT, BERYL JACKSON, TRACEY MARTIN, CALVIN FLUKER, LISA PITCHFORD, KIMBERLY LOVE, RESHANDA BROWN, | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO.: 2:06cv785-MHT |
| U.S. FOODSERVICE, INC. and U.S. FOODSERVICE, INC. - MONTGOMERY DIVISION, | ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT

Defendant U.S. Foodservice, Inc.[1] submits its Answer to Plaintiffs' Second Amended Complaint[2] as follows:

1.    Paragraph 1 of the Complaint states legal conclusions rather than allegations of fact, which require no response.  Defendant admits that Plaintiffs have brought this action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and 42 U.S.C. § 1981, and that jurisdiction in this Court is

---

[1] Plaintiffs also named "U.S. Foodservice, Inc. – Montgomery Division" as a defendant. However, no such legal entity exists.

[2] The parties have agreed that this Answer will also serve as the response to plaintiffs' Amended Complaint.

proper pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3). Defendant denies the remaining allegations of Paragraph 1.

2.    Defendant admits upon information and belief that Plaintiff Ricardo Wright is an African-American male, a citizen of the United States, and a resident of the State of Alabama. Defendant further admits that Plaintiff Wright has been employed by Defendant since September 1, 1997. Defendant denies the remaining allegations of Paragraph 2 of the Complaint.

3.    Defendant admits upon information and belief that Plaintiff Tracey Martin is an African-American female, a citizen of the United States, and a resident of the State of Alabama. Defendant further admits that Plaintiff Martin has been employed by Defendant since August 28, 1997. Defendant denies the remaining allegations of Paragraph 3 of the Complaint.

4.    Defendant admits upon information and belief that Plaintiff Kimberly Love is an African-American female, a citizen of the United States, and a resident of the State of Alabama. Defendant further admits that Plaintiff Love has been employed by Defendant since July of 2000. Defendant denies the remaining allegations of Paragraph 4 of the Complaint.

5.    Defendant admits upon information and belief that Plaintiff Calvin Fluker is an African-American male, a citizen of the United States, and a resident of the State of Alabama. Defendant further admits that Plaintiff Fluker was

2

employed by Defendant from June 20, 1996 to January 27, 1998, and since July 13, 1998. Defendant denies the remaining allegations of Paragraph 5 of the Complaint.

6.    Defendant admits upon information and belief that Plaintiff Beryl Jackson is an African-American female, a citizen of the United States, and a resident of the State of Alabama. Defendant further admits that Plaintiff Jackson has been employed by Defendant since January 29, 1990. Defendant denies the remaining allegations of Paragraph 6 of the Complaint.

7.    Defendant admits upon information and belief that Plaintiff Lisa Pitchford is an African-American female, a citizen of the United States, and a resident of the State of Alabama. Defendant further admits that Plaintiff Pitchford has been employed by Defendant since July 28, 1998. Defendant denies the remaining allegations of Paragraph 7 of the Complaint.

8.    Defendant admits upon information and belief that Plaintiff Reshanda Brown is an African-American female, a citizen of the United States, and a resident of the State of Alabama. Defendant denies the remaining allegations of Paragraph 8 of the Complaint.

9.    Admitted. However, defendant denies that it has violated Title VII or 42 U.S.C. Section 1981.

10.    Defendant denies the allegations of Paragraph 10.

11.    Defendant admits that Plaintiff Wright filed Charge Number 130-2004-03433 with the EEOC on July 1, 2004, and he filed a supplement to this Charge on September 27, 2004.  Defendant further admits that the EEOC issued a Notice of Right to Sue, dated June 5, 2006.

12.    Defendant admits that Plaintiff Martin filed Charge Number 130-2005-02792 with the EEOC on February 28, 2005, and she filed Charge Number 420-2006-01227[3] with the EEOC on March 8, 2006.  Defendant further admits that the EEOC issued a Notice of Right to Sue for Charge Number 420-2006-01227, dated June 12, 2006.

13.    Defendant admits that Plaintiff Love filed Charge Number 130-2005-03471 with the EEOC on March 28, 2005.  Defendant further admits that the EEOC issued a Notice of Right to Sue, dated June 12, 2006.

14.    Defendant admits that Plaintiff Fluker filed Charge Number 130-2004-02802 with the Equal Employment Opportunity Commission ("EEOC") on May 10, 2004, and he filed a supplement to this Charge on October 8, 2004. Defendant further admits that the EEOC issued a Notice of Right to Sue, dated July 18, 2006.

---

[3] Although they have different numbers, Charge Number 420-2006-01227 notes that it is a supplement to Charge Number 130-2005-02792.

15.     Defendant admits that Plaintiff Jackson filed Charge Number 130-2005-02895 with the EEOC on March 2, 2005.  Defendant further admits that the EEOC issued a Notice of Right to Sue, dated June 12, 2006.

16.     Defendant admits that Plaintiff Pitchford filed Charge Number 130-2005-02476 with the EEOC on February 28, 2005, and she filed Charge Number 130-2005-06781[4] with the EEOC on September 15, 2005.   Defendant further admits that the EEOC issued Notices of Right to Sue, dated June 12, 2006, for both Charges.

17.     Defendant admits that the EEOC issued a Determination on September 14, 2005, regarding employee Fluker's charge, and further admits that the Determination contains the language quoted in Paragraph 17 of the Complaint.  Defendant denies the remaining allegations of Paragraph 17 of the Complaint.

18.     Defendant denies the allegations of Paragraph 18.

19.     Defendant admits the allegations of Paragraph 19.

20.     Defendant admits that Plaintiff Wright was promoted to a salaried Territory Manager position, which is a sales position, on or about November 1, 1998.  Defendant denies the remaining allegations of Paragraph 20.

---

[4] Although they have different numbers, Charge Number 130-2005-06781 notes that it is a supplement to Charge Number 130-2005-02476

21.    Defendant admits that Plaintiff Wright's resume indicates that he was a Customer Service Manager with Compass Bank from 1994-1996. Defendant denies the remaining allegations of Paragraph 21.

22.    Defendant admits that, on June 1, 2000, Plaintiff Wright transitioned to a combination of salary and commission. Defendant denies the remaining allegations of Paragraph 22.

23.    Defendant admits that the position of Territory Manager is a commissioned sales position. Defendant further admits that Plaintiff Wright was transitioned to a combination of salary and commission on June 1, 2000, and Plaintiff Wright was placed on Defendant's standard commission plan, wherein compensation is based solely on commission, on January 1, 2001. Defendant denies the remaining allegations of Paragraph 23.

24.    Defendant denies the allegations of Paragraph 24.

25.    Defendant denies the allegations of Paragraph 25.

26.    Defendant denies the allegations of Paragraph 26.

27.    Defendant denies the allegations of Paragraph 27.

28.    Defendant denies the allegations of Paragraph 28.

29.    Defendant denies the allegations of Paragraph 29.

30.    Defendant denies the allegations of Paragraph 30.

155588.1

31.   Defendant admits that it has posted hourly positions for years and began posting exempt positions that were grade 9 or higher in or about 2004. Defendant further admits that Plaintiff Wright interviewed for a District Sales Manager position in November 2005. Defendant denies the remaining allegations of Paragraph 31.

32.   Defendant denies the allegations of Paragraph 32.

33.   Defendant admits that Plaintiff Wright filed Charge Number 130-2004-03433 with the EEOC on July 1, 2004, and he filed a supplement to this Charge on September 27, 2004.

34.   Defendant denies the allegations of Paragraph 34.

35.   Defendant denies the allegations of Paragraph 35.

36.   Defendant admits that, on January 29, 1990, Plaintiff Jackson began working for defendant, and further admits that, in July of 1996, she was promoted to a salaried Territory Manager position. Defendant denies the remaining allegations of Paragraph 36.

37.   Defendant admits that the position of Territory Manager is a commissioned sales position. Defendant further admits that in July 1996, Plaintiff Jackson was promoted to a salaried Territory Manager, and effective February 1, 1998, she was placed on defendant's standard commission plan, wherein

7

compensation is based solely on commission. Defendant denies the remaining allegations of Paragraph 37.

38.    Defendant denies the allegations of Paragraph 38.

39.    Defendant admits that Todd Hanson and Angela Wood are white. Defendant denies the remaining allegations of Paragraph 39.

40.    Defendant denies the allegations of Paragraph 40.

41.    Defendant admits that Kathy Crittenden requested that the John Knox Manor account be serviced by Elizabeth Cronic. Defendant further admits that Cronic is a white female. Defendant further admits that it transferred the account to Cronic. Defendant further admits that it provided Plaintiff Jackson with 1 percent of sales generated by the account for a period of one year. Defendant denies the remaining allegations of Paragraph 41.

42.    Defendant denies the allegations of Paragraph 42.

43.    Defendant denies the allegations of Paragraph 43.

44.    Defendant denies the allegations of Paragraph 44.

45.    Defendant denies the allegations of Paragraph 45.

46.    Defendant admits that Plaintiff Fluker began working for defendant on June 20, 1996, and further admits that he is presently employed as a Chain Account Executive with defendant. Defendant denies the remaining allegations of Paragraph 46 of the Complaint.

47.    Defendant admits that, on or about April 30, 2004, Danny Mims left a derogatory comment not directed at Plaintiff Fluker, but that could be heard on Plaintiff Fluker's voice mail. Defendant further admits that on or about February 18, 2005, Mims was recognized as Montgomery's top President's Cup candidate, based on current year's growth over the previous year in both sales and gross profit. Defendant denies the remaining allegations of Paragraph 47.

48.    Defendant denies the allegations of Paragraph 48.

49.    Defendant admits that Phyllis Jones referred to Brazil nuts as "nigger toes." Defendant denies the remaining allegations of Paragraph 49.

50.    Defendant denies the allegations of Paragraph 50.

51.    Defendant admits that Delmus Ward, a white male, retired from U.S. Foodservice on or about January 2, 2001. Defendant denies the remaining allegations of Paragraph 51.

52.    Defendant admits that it has posted hourly positions for years and began posting exempt positions that were grade 9 or higher in or about 2004. Defendant denies the remaining allegations of Paragraph 52.

53.    Defendant admits that Plaintiff Fluker was placed on a Performance Improvement Plan on or about March 10, 2006. Defendant denies the remaining allegations of Paragraph 53.

54.    Defendant denies the allegations of Paragraph 54.

155588.1

55.    Defendant denies the allegations of Paragraph 55.

56.    Defendant admits that Plaintiff Pitchford began working for defendant on July 28, 1998, as an Accounts Payable Clerk.

57.    Defendant admits that, on March 8, 2005, Plaintiff Pitchford submitted a bid for the position of Administrative Assistant, but later asked that her name be withdrawn from consideration.  Defendant further admits that Plaintiff Pitchford was offered and accepted a Sales Trainee position on June 2, 2005. Defendant denies the remaining allegations of Paragraph 57.

58.    Defendant denies the allegations of Paragraph 58.

59.    Defendant denies the allegations of Paragraph 59.

60.    Defendant denies the allegations of Paragraph 60.

61.    Defendant admits the allegations of Paragraph 61.

62.    Defendant admits that it has posted hourly positions for years and began posting exempt positions that were grade 9 or higher in or about 2004. Defendant further admits that anyone with the requisite experience to be a Territory Manager can approach the sales team directly for consideration as well. Defendant further admits that, on July 9, 2004 and May 17, 2005, Sales Trainee positions[5] were posted, but Plaintiff Love did not submit bids either time and did

---

[5] Sales Trainee positions must be successfully completed prior to becoming a Territory Manager for anyone who does not have substantial foodservice or sales experience.

155588.1

not express an interest in the positions. Defendant denies the remaining allegations of Paragraph 62.

63.    Defendant denies the allegations of Paragraph 63.

64.    Defendant admits that Plaintiff Love's request to attend a tax seminar was denied because the seminar requested was not relevant to her current position. Defendant denies the remaining allegations of Paragraph 64.

65.    Defendant admits that, although Mr. Watts and Ms. Thomas had a conversation about removing the degree requirement, the decision was made to maintain the degree requirement in the posting sent to the State of Alabama. Defendant further admits that both the internal and external posting required a college degree, and Mr. Sartain, who was selected for the position, has a college degree. Defendant further admits that Sartain is a white male. Defendant denies the remaining allegations of Paragraph 65.

66.    Defendant admits that Plaintiff Love is not charged with handling C.O.D. check approvals because she has a greater level of responsibility and already knows how to review files and to do check approvals. Defendant further admits that Ms. Clayton has been charged with handling C.O.D. check approvals so that she can receive training in this task, which Plaintiff Love does not need. Defendant denies the remaining allegations of Paragraph 66.

155588.1

67.    Defendant admits that Plaintiff Love applied for the position of credit manager in approximately October 2005.  Defendant further admits that Charles Wallace, a white male, was selected to fill that position. Defendant further admits that Wallace moved back to Montgomery from Florida.  Defendant denies the remaining allegations of Paragraph 67.

68.    Defendant denies the allegations of Paragraph 68.

69.    Defendant admits that Plaintiff Martin began working for defendant, as an employee, on August 28, 1997, as an Accounts Receivable Clerk in the Accounting Department.

70.    Defendant admits that, in October of 1997, Plaintiff Martin was offered a Finance Trainee position, but she declined the same.  Defendant further admits that, on April 28, 2003, Plaintiff Martin bid on an SPL Coordinator position in the Finance Department, but later asked that her name be withdrawn from consideration.  Defendant admits that Mr. Huebner was selected for an Assistant Controller position.  Defendant denies the remaining allegations of Paragraph 70.

71.    Defendant admits that, on January 27, 2005, Plaintiff Martin completed a Job Posting Request for a Credit Manager position in the Finance Department.  Defendant further admits that Al Sartain (white male) was selected for the position.  Defendant denies the remaining allegations of Paragraph 71.

155588.1

72.    Defendant admits that it has posted hourly positions for years and began posting exempt positions that were grade 9 or higher in or about 2004. Defendant denies the remaining allegations of Paragraph 72.

73.    Defendant admits that, although Plaintiff Martin submitted a Job Posting Request for an Accounts Receivable Supervisor position, she was given a choice between that position and an Accountant position.  Defendant further admits that Plaintiff chose the Accountant position and accepted the same. Defendant admits that Diane Boggard is a white female, and she was selected for the Accounts Receivable Supervisor position.  Defendant denies the remaining allegations of Paragraph 73.

74.    Defendant admits that, during the beginning of her tenure as Accountant, Plaintiff Martin had to train someone for her former position, and, therefore, she continued to perform some of the duties of her former position. Defendant denies the remaining allegations of Paragraph 74.

75.    Defendant denies the allegations of Paragraph 75.

76.    Defendant admits that Plaintiff Brown was working for defendant through a temporary agency.  Defendant denies the remaining allegations of Paragraph 76.

77.    Defendant denies the allegations of Paragraph 77.

78.    Defendant denies the allegations of Paragraph 78.

155588.1

79.    Defendant denies the allegations of Paragraph 79.

80.    Defendant denies the allegations of Paragraph 80.

81.    Defendant denies the allegations of Paragraph 81.

82.    Defendant denies the allegations of Paragraph 82.

83.    Defendant denies the allegations of Paragraph 83.

84.    Defendant denies the allegations of Paragraph 84.

85.    Defendant denies the allegations of Paragraph 85.

86.    Defendant denies the allegations of Paragraph 86.

## COUNT I

## RACE AND/OR GENDER DISCRIMINATION

87.    As to paragraph 87 of the Complaint, defendant adopts and re-alleges Paragraphs 1-86 of its Answer.

88.    Defendant denies the allegations of Paragraph 88.

89.    Defendant denies the allegations of Paragraph 89.

90.    Defendant denies the allegations of Paragraph 90.

91.    Defendant denies the allegations of Paragraph 91.  Plaintiffs' prayer for relief requires neither admission nor denial.  However, to the extent the prayer for relief is construed to allege some wrongful or discriminatory act, such construction is hereby denied.  Defendant further denies that plaintiffs are entitled to any damages or relief herein.

155588.1

92.    Defendant denies the allegations of Paragraph 92.  Plaintiffs' prayer for relief requires neither admission nor denial.  However, to the extent the prayer for relief is construed to allege some wrongful or discriminatory act, such construction is hereby denied.  Defendant further denies that plaintiffs are entitled to any damages or relief herein.

## COUNT II

## RACE DISCRIMINATION – HOSTILE WORK ENVIRONMENT

93.    As to paragraph 93 of the Complaint, defendant adopts and re-alleges paragraphs 1-92 of its Answer.

94.    Defendant denies the allegations of Paragraph 94.

95.    Defendant denies the allegations of Paragraph 95.

96.    Defendant denies the allegations of Paragraph 96.

97.    Defendant denies the allegations of Paragraph 97.

98.    Defendant denies the allegations of Paragraph 98.

99.    Defendant denies the allegations of Paragraph 99.  Plaintiff Fluker's prayer for relief requires neither admission nor denial.  However, to the extent the prayer for relief is construed to allege some wrongful or discriminatory act, such construction is hereby denied.  Defendant further denies that Plaintiff Fluker is entitled to any damages or relief herein.

100.    Defendant denies the allegations of Paragraph 100.  Plaintiff Fluker's prayer for relief requires neither admission nor denial.  However, to the extent the prayer for relief is construed to allege some wrongful or discriminatory act, such construction is hereby denied.  Defendant further denies that Plaintiff Fluker is entitled to any damages or relief herein.

## COUNT III

## RETALIATION

101.    As to paragraph 101 of the Complaint, defendant adopts and re-alleges Paragraphs 1-100 of its Answer.

102.    Defendant admits that some plaintiffs filed Charges of Discrimination with the Equal Employment Opportunity Commission.  Defendant denies the remaining allegations of Paragraph 102.

103.    Defendant denies the allegations of Paragraph 103.

104.    Defendant denies the allegations of Paragraph 104.

105.    Defendant denies the allegations of Paragraph 105.

106.    Defendant denies the allegations of Paragraph 106.  Plaintiffs' prayer for relief requires neither admission nor denial.  However, to the extent the prayer for relief is construed to allege some wrongful or discriminatory act, such construction is hereby denied.  Defendant further denies that plaintiffs are entitled to any damages or relief herein.

16

107.    Defendant denies the allegations of Paragraph 107. Plaintiffs' prayer for relief requires neither admission nor denial. However, to the extent the prayer for relief is construed to allege some wrongful or discriminatory act, such construction is hereby denied. Defendant further denies that plaintiffs are entitled to any damages or relief herein.

## PRAYER FOR RELIEF

The remainder of the Complaint contains a prayer for relief, which requires neither admission nor denial. To the extent the prayer for relief is construed to allege some wrongful or discriminatory action, said construction is denied. Defendant further denies that plaintiffs are entitled to any relief herein. Any allegation of the Complaint not heretofore admitted or denied is expressly denied.

## FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted and should be dismissed in its entirety.

## SECOND DEFENSE

Some or all of Plaintiffs' claims may be barred by applicable statutes of limitation.

## THIRD DEFENSE

Some or all of Plaintiffs' claims may be barred by their failure to satisfy the administrative prerequisites of Title VII with respect to those claims.

17

## FOURTH DEFENSE

All claims based on alleged violations of Title VII as to which Plaintiffs failed to file a charge or complaint of employment discrimination with the EEOC within 180 days of their occurrence are barred by Title VII and fail to state a claim upon which relief may be granted.

## FIFTH DEFENSE

Plaintiffs' claims under Title VII are barred to the extent they exceed the scope of Plaintiffs' charges of discrimination.

## SIXTH DEFENSE

Defendant exercised reasonable care to prevent and correct promptly any allegedly harassing behavior and Plaintiffs unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

## SEVENTH DEFENSE

All employment actions taken with respect to Plaintiffs were done for legitimate, nondiscriminatory, nonretaliatory reasons, which were not pretextual.

## EIGHTH DEFENSE

To the extent that Plaintiffs' races, genders, or complaints played any role in the action about which they complain, which they did not and which Defendant

18

expressly denies, the action(s) about which Plaintiffs complain would have occurred nonetheless.

## NINTH DEFENSE

To the extent that Plaintiffs have failed to mitigate their alleged damages, such failure bars and/or limits recovery of damages.

## TENTH DEFENSE

To the extent Plaintiffs seek recovery of punitive damages, Defendant has made good faith efforts to comply with the law thereby precluding recovery of such damages.

## RESERVATION OF RIGHTS

Defendant hereby reserves the right to file such additional defenses as may become apparent during the course of discovery.

Wherefore, having fully answered the Complaint, Defendant requests that the Complaint be dismissed; and that Defendant be awarded attorneys' fees herein, plus other such general and equitable relief as this Court deems just and appropriate.

19

Respectfully submitted,

 */s/ Tammy L. Baker*
Tammy L. Baker, ASB-9522-B62T
E-Mail:  tbaker@constangy.com
Direct Dial:  205-226-5466
Tamula R. Yelling, ASB-9447-E61T
E-Mail:  tyelling@constangy.com
Direct Dial:  205-226-5471

**CONSTANGY, BROOKS & SMITH, LLC**
One Federal Place, Suite 900
1819 Fifth Avenue North
Birmingham, Alabama  35203
Facsimile (205) 323-7674

**ATTORNEYS FOR DEFENDANT**
**U.S. FOODSERVICE, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following:

Jon C. Goldfarb, Esq.
Maury S. Weiner, Esq.
Ethan R. Dettling, Esq.
Wiggins, Childs, Quinn & Pantazis, LLC
301 19th Street North
Birmingham, AL 35203

 */s/ Tammy L. Baker*
Counsel of Record

20