IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CALVIN FLUKER, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:06CV785-MHT |
| | ) |
| U.S. FOODSERVICE, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTION
AND PROTECTIVE ORDER**

Upon consideration of the parties' Joint Motion for Entry of a Protective Order (Doc. #45) to protect the confidentiality of certain discovery materials, filed on July 11, 2007, and for good cause, it is

ORDERED that the motion (Doc. #45) is GRANTED. It is further

ORDERED:

1.      For the purposes of this Protective Order, "protected documents" shall include all business materials produced and marked "Confidential" by Defendant U.S Foodservice, Inc. ("U.S. Foodservice" or "defendant") in response to plaintiffs' Interrogatories and Request For Production and/or any document marked "Confidential" by plaintiffs in response to discovery, except charges or complaints filed with any government agency or in any court, and documents disclosed to third parties under circumstances such that disclosure was not confidential, which shall not constitute "protected documents."

2. For the purposes of this Protective Order, "protected documents" shall include, but are not limited to, the confidential employment records or information pertaining to U.S. Foodservice, plaintiffs' tax returns and plaintiffs' medical records.

3. Unless the parties otherwise agree in writing, and subject to further Order of this Court, all protected documents produced by U.S. Foodservice or plaintiffs in response to the other party's discovery requests shall be retained by counsel and the plaintiffs in strict confidence as provided by the terms of this Protective Order.

4. Except as otherwise permitted by the terms of this Protective Order, no person shall be permitted to examine or copy protected documents, and counsel (including agents, staff, and employees of counsel) shall not communicate (orally or in writing) protected information or the contents of protected documents and shall not distribute or otherwise disseminate protected information or any of the data contained in protected documents to any other person, firm, or corporation.

5. Protected documents, copies thereof, or protected information may be disclosed to a deponent during the course of the taking of his or her deposition only if, during the deposition and prior to the disclosure of such protected document or information to the deponent, counsel explains to the deponent that a Protective Order has been entered by the Court in this lawsuit for the purpose of protecting the confidentiality of U.S. Foodservice's business information as described in this Order.

6. Counsel may use protected documents or information as evidence in any

pretrial document or hearing in this case, but if protected documents are introduced as evidence, such protected documents shall be filed and retained confidentially.

7. Counsel may use protected documents at trial or information contained therein as evidence at trial without restriction.

8. If counsel desires examination of protected documents by a consulting expert or an expert witness in preparation for the trial of this case, counsel shall obtain a statement executed by such person stating that he or she has read, understands, and agrees to be bound by the terms of this Protective Order.

9. Counsel may also review the document with the plaintiffs and/or representative of the defendant and prospective witnesses subject to the same stipulations regarding confidentiality as outlined in paragraph 5.

10. The Confidentiality provisions of this Order shall survive any settlement, judgment, or other disposition or conclusion of this action, and all appeals therefrom, and this Court shall retain continuing jurisdiction in Order to enforce the terms of this Order.

11. Upon request at the conclusion of this action, counsel shall return to counsel for the other party all protected documents and materials produced, together with all duplicates, copies, reproductions and reprints thereof (except for those containing any notes, comments, highlighting, or work product-type delineations made by counsel or counsel's staff) upon request of counsel. Counsel for the other party agrees to retain the documents for a minimum of two years.

12. If any party objects to the designation of any document or material as "CONFIDENTIAL," that party will inform the designating party in writing regarding the objection to the "CONFIDENTIAL" designation. Unless the designating party files a motion with the Court prior to the expiration of fourteen (14) days after the date of this written notice, the document or material shall become non-confidential. During this 14-day period the parties shall negotiate in good faith to resolve the dispute.

DONE this 16th day of July, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE