**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **CALVIN FLUKER, RICARDO** | ) | |
| **WRIGHT, BERYL JACKSON,** | ) | |
| **TRACEY MARTIN, LISA** | ) | |
| **PITCHFORD, KIMBERLY LOVE,** | ) | |
| **RESHANDA BROWN,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **PLAINTIFFS,** | ) | |
| | ) | **2:06cv785-MHT** |
| **v.** | ) | |
| | ) | |
| **U.S. FOODSERVICE, INC. and** | ) | |
| **U.S. FOODSERVICE, INC. -** | ) | |
| **MONTGOMERY DIVISION,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**MOTION TO QUASH AND/OR MODIFY SUBPOENA**

COMES NOW, Calvin Fluker, a Plaintiff in the above-captioned matter, and

moves this Court to quash the subpoena sent by the Defendant to Glover/Auten Food

Service. In support of this motion, the Plaintiff states the following:

**1.    Introduction**

On December 6, 2007, the Defendant issued a subpoena to Glover/Auten Food

Service which is Calvin Fluker's current employer. The subpoena requests that

Glover/Auten   Food   Service   produce   all   of   Plaintiff   Calvin   Fluker's

employment/personnel records. (See, Exhibit A - Subpoena.).

Plaintiff Calvin Fluker resigned from his position with Defendant on March 23, 2007, and went to work for Glover/Auten Food Service, his current employer in April 2007. Plaintiff is not maintaining a constructive discharge claim in the above-captioned matter. Therefore, Plaintiff's personnel/employment records with his current employer, which would be relevant if backpay was at issue, are not relevant.

Attempts to confer with opposing counsel have not resolved this dispute and Plaintiff moves to quash this subpoena under Federal Rule of Civil Procedure 45, or in the alternative, Plaintiff seeks a protective order under Federal Rule of Civil Procedure 26.

## 2.    Standing

Calvin Fluker has a personal right with respect to information contained in his employment/personnel records with his current employer. Generally, an individual does not have standing to challenge a subpoena served on another, unless that individual has a personal right or privilege with respect to the subject matter of the subpoena. *See Washington v. Thurgood Marshall Academy,* 230 F.R.D. 18, 22 (D.C.Cir.2005). In considering whether a party had standing to move to quash a subpoena *duce tecum*, courts have repeatedly found an individual possesses a personal right with respect to information contained in employment records and, thus

has standing to challenge such a subpoena. *See, Barrington v. Mortgage IT, Inc.*, slip copy, 2007 WL 4370647 (S.D. Fla. 2007); *Chamberlain v. Farmington Savings Bank*, 2007 WL 2786421 (D. Conn. Sept 5, 2007); *Richards v. Convergys Corp.*, 2007 WL 474012 (D.Utah Feb. 7, 2007).    These records likely contain highly personal confidential information, such a social security numbers, medical information protected from disclosure under various federal and state laws, payroll information, income tax information, and information about family members. Therefore, Plaintiffs' personal privacy concerns surrounding the employment records is sufficient to confer standing to move to quash the subpoenas *duces tecum*.

**3.    The Subpoena Is Overboard and Seeks Irrelevant Information**

Rule 45 subpoena incorporates the provisions of Rules 26(b) and 34. Accordingly, the Court must determine whether the subpoena *duces tecum* at issue seeks irrelevant information and/or is overly broad under the same standards set forth in Rule 26(b) and as applied to Rule 34 requests for production.

A  review of the subpoena at issue shows that it is not narrowly tailored to obtain relevant information. (See Exhibit A - Subpoena).  The subpoena seeks essentially every document in Glover/Auten Food Service's possession that relates in any manner to Calvin Fluker.  Further, Defendant's subpoena seeks  irrelevant matter including, but not limited to, Fluker's current pay information. Plaintiff Fluker

voluntarily resigned from his position with U.S. Foodservice and Defendant does not require information about his present salary because there is no claim that backpay accrues beyond the date of his resignation. Consequently, the information being sought is not relevant. Fluker's salary information is a private matter which should not be invaded without a clear purpose.

The subpoena also seeks "any and all evaluations, performance reviews or other records critiquing the employee's performance during his/her employment, and any and all counseling, warnings, corrective actions other records concerning discipline or discharge of the employee." This information is not reasonably calculated to lead to the discovery of admissible evidence in this case. Fluker's job performance with a different employer in a different position does not tend to make any fact at issue in the instant case more or less probable.

Ultimately, this subpoena amounts to a fishing expedition to harass Plaintiff and to interfere with Plaintiff's current employment relationship and to deter him and other plaintiffs from pursuing their claims in this case. The documents sought are not relevant to Plaintiff's or Defendant's claims and/or defenses.

## 4.    Annoyance, Embarrassment, Oppression and Undue Burden

The subpoena to Plaintiff's current employer may cause problems in the employment relationship. Fluker's employer, whether previously aware of the

litigation or not, may resent the burden of complying with the discovery request, especially one as overbroad as this one. At least one court has recognized that an employee "has a legitimate concern that a subpoena sent to their current employer under the guise of a discovery request could be a tool for harassment and result in difficulties for her in her new job." *Graham v. Casey's General Stores, 206 F.R.D. 251, 256* (S.D.Ind 2002).Plaintiff contends that discovery of records from present employer has put an undue burden on Plaintiff and may have an unnecessarily negative effect on his employment situation as well as future prospects.

**5.    Alternatively, Fluker asks that the Court engage in an *in camera* inspection of the materials sought prior to production or otherwise modify the subpoena to include only requests reasonably calculated to lead to admissible evidence.**

Although this alternative will not spare the potential negative consequences of having his employer burdened with responding to the subpoena, Fluker requests that this Court review the materials produced *in camera* prior to production in order to maximize Fluker's privacy interests without interfering with the Defendant's ability to collect truly pertinent information.

**WHEREFORE PREMISES CONSIDERED,** the Plaintiff respectfully requests that the subpoenas at issue be quashed. In the alternative, the Plaintiff respectfully requests that this Court enter an Order modifying the subpoena to limit

its scope, or Order an *in camera* inspection of the documents sought prior to their

production to U.S. Foodservice.

Respectfully Submitted,

/s/ Ethan R. Dettling
Jon C. Goldfarb
Ethan R. Dettling
Counsel for Plaintiff

OF COUNSEL:
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
301 19th Street North
Birmingham, Alabama  35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

## CERTIFICATE OF SERVICE

I hereby certify that I have filed a true and correct copy of the above and foregoing document the Clerk of Court using the CM/ECF system which will electronically notify the following counsel of record:

Tammy L. Baker, Esq.,
Jackson Lewis, LLP
First Commercial Bank Building
800 Shade Creek Parkway Suite 870
Birmingham, Alabama 35209
Telephone No.: (205) 332-3106
Facsimile No.: (205) 332-3131

on this the 22nd day of January, 2008.

/s/Ethan R. Dettling
OF COUNSEL

6

A

Issued by the

UNITED STATES DISTRICT COURT

_____ **MIDDLE** _____ **DISTRICT OF** _____ **ALABAMA** _____

NORTHERN DIVISION

**CALVIN FLUKER, et al.,**
       **Plaintiff,**

         **V.**                        **SUBPOENA IN A CIVIL CASE**

                                   **CIVIL ACTION NO. CV-2:06cv785MHT**
                                   **(UNDER SUBPOENA OUT OF THE**
**U.S. FOODSERVICE, INC, et al.,**         **MIDDLE DISTRICT OF GEORGIA)**
       **Defendants.**

TO:  **Glover/Auten Food Service**
      **133 Cussetta Road**
      **Columbus, GA 31901**
      **Atten: Human Resources**

| | |
|---|---|
| ☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case. | |
| PLACE OF TESTIMONY | COURTROOM |
| | DATE AND TIME |

| | |
|---|---|
| ☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. | |
| PLACE OF DEPOSITION | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**See Attached EXHIBIT "A"**

| | |
|---|---|
| PLACE | DATE AND TIME |
| **Jackson Lewis LLP, First Commercial Bank Bldg, 800 Shades Creek Parkway, Suite 870 Birmingham, Alabama 35209, 205-332-3100** | **Friday, January 4th, 2008 at 5:00 pm** |

| | |
|---|---|
| ☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below. | |
| PREMISES | DATE AND TIME |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| | |
|---|---|
| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| *[signature]*                 **Attorney for Defendant** | December 6, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
      **Jackson Lewis LLP, 800 Shades Creek Parkway, Suite 870, Birmingham, Alabama 35209 205-332-3107**

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

142798.1

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | **December 6, 2007** | **GLOVER/AUTEN FOOD SERVICE** |
| SERVED ON (PRINT NAME)<br><br>**RECORDS CUSTODIAN** | | MANNER OF SERVICE<br><br>**CERTIFIED MAIL** |
| SERVED BY (PRINT NAME)<br><br>**KRIS B. HARP** | | TITLE<br><br>**PARALEGAL** |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on      **December 6, 2007**
                          DATE

_(signature)_
SIGNATURE OF SERVER

**Jackson Lewis LLP**
**800 Shades Creek Parkway, Suite 870**
**Birmingham, Alabama 35209**
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)   fails to allow reasonable time for compliance,
(ii)  requires a person who is not a party or an officer of

a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B) If a subpoena

(i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert=s study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2007, I served a copy of the foregoing Subpoena by placing a copy of same in the U.S. Mail, postage prepaid and properly addressed to the following attorney(s) of record:

Jon C. Goldfarb, Esq.
Ethan R. Dettling, Esq.
Wiggins, Childs, Quinn, & Pantazis, LLC
301 19th Street North
Birmingham, Alabama  35203

COUNSEL OF RECORD

142798.1

## "HIPAA NOTICE"

In accordance with the Health Insurance Portability and Accountability Act of 1996 (HIPAA), this subpoena and accompanying request for production comply with the notice and objection provisions of the Act in that, pursuant to 45 C.F.R. § 164.512(e)(1),

(a)     the individual who is the subject of the protected health information that has been requested has been given notice of the request;

(b)     the notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

(c)     the time for the individual to raise objections to the court or administrative tribunal has elapsed and either no objections were filed or all objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

Tammy L. Baker
Attorney for Defendant

**JACKSON LEWIS LLP**
First Commercial Bank Building
800 Shades Creek Parkway
Suite 870
Birmingham, Alabama  35209
205-332-3100
205-331-3131

4

142798.1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| CALVIN FLUKER, et al., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO.:** |
| | ) | **2:06cv785-MHT** |
| | ) | |
| U.S. FOODSERVICE, INC., et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

## DECLARATION OF PRODUCTION FROM GLOVER/AUTEN FOOD SERVICE

I, _____, am the records officer or custodian of records of the above-named organization responsible for the records requested by Defendant's Subpoena dated _____, which was served upon and directed to me and the organization in the above-captioned action.

☐ To the best of my knowledge: 1) I have produced all records in my custody and control that are responsive to the specific requests included on the above referenced Subpoena; 2) The records produced with this affidavit are true and correct records, were kept in the regular course of the business activity of this organization; 3) It is and was at all relevant times thereto the regular practice of this organization to make or keep the records produced herewith; and 4) The records were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters.

☐ I have not enclosed any records. I have made a diligent effort to obtain records within my custody and control that are responsive to the specific requests included on the above referenced Subpoena.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on_____.

_____
Records Officer or Custodian of Records

5

142798.1

EXHIBIT A
EMPLOYMENT/PERSONNEL RECORDS
For
CALVIN COOLIDGE FLUKER
SS# xxx-xx-9126  DOB xx/xx/1974

1.  The complete personnel file of the above-referenced employee that is in your care, custody, possession or control including, but not limited to the following:

    - the employee's complete payroll records for his/her entire employment.  In the alternative, you may provide a detailed compensation summary for the employee for his or her entire employment.

    - any and all records related to the hiring of the employee, including but not limited to application(s), resume(s) and interview notes.

    - any and all evaluations, performance reviews or other records critiquing the employee's performance during his or her employment.

    - any and all counseling, warnings, corrective actions or other records concerning discipline or discharge of the employee.

2.  Any and all other written documentation or documentation that can converted or reduced to written form, concerning the employee, whether or not included in the employee's personnel file.

3.  Any grievance, disciplinary or other hearing records concerning the employee.

4.  Any complaints, charges, reports or other records filed, made by or involving the employee and asserting employment discrimination of any type under federal, state or local law, including but not limited to internal complaints, EEOC or other administrative charges and judicial complaints.

5.  Any and all correspondence, documents, records or other writings reflecting any and all claims for worker's compensation benefits made the employee while employed by your company.